**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **FRANK SCOTT,** ) | |
| ) | |
| Petitioner, ) | No. CV 04-017-PHX-EHC (CRP) |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| **DORA SCHRIRO, et. al.,** ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

On January 3, 2004 Frank Scott ("Petitioner"), presently an inmate confined by the State of Arizona, filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254. (Doc 1). In answering the Habeas Petition, Respondents' reserved their right to assert a statute of limitations defense after the state courts resolved Petitioner's Rule 32 appeal. When that state appeal was deemed untimely and the trial court denied Petitioner's motion to file a late Rule 32 appeal, Respondents asserted the statute of limitations defense arguing the Habeas Petition is untimely. Petitioner asserted and continues to assert the timeliness of his Habeas Petition. For the reasons set forth below, the Magistrate Judge recommends the District Court, after its independent review and analysis, dismiss the Habeas Petition because it is untimely.

**Factual and Procedural History**

**Direct Review**

On September 15, 1998, after a jury found him guilty of sexual conduct with a minor under the age of fifteen, Petitioner was sentenced to 20 years in prison. (Doc 26, Answer, Exhibit A). On June 24, 1999, counsel for Petitioner filed an *Anders* brief and a motion requesting the Court allow Petitioner to file a pro per supplemental brief. *Anders v. California*, 386 U.S. 738 (1967); (Doc 26, Answer, Exhibit B). Petitioner did not file the supplemental brief, and the Arizona Court of Appeals affirmed Petitioner's conviction and sentence on January 18, 2000. (Doc 26, Answer, Exhibit C). Later the following month, Petitioner filed a Motion for Reconsideration, which was denied by the Arizona Court of Appeals on February 15, 2000. (Doc 26, Answer, Exhibits D, E). After the Court of Appeals denied reconsideration, Petitioner had 15 days in which to file a petition asking the Arizona Supreme Court to review the appellate court's decision. Ariz. R. Crim. P. 31.19(a). Petitioner did not file such an appeal. (Doc 26, Answer, Exhibit F). Thus, Petitioner's direct appeal ended on March 1, 2000, when Petitioner could no longer ask the Arizona Supreme Court for review.

**State Post-Conviction Relief Appeal**

Petitioner filed a Petition for Post-Conviction Relief on February 11, 2000. (Doc 26, Answer, Exhibit G). On January 18, 2001, the trial court dismissed Petitioner's request for post-conviction relief. (Doc 26, Answer, Exhibit H). The trial court found the request lacking in merit. (Doc 26, Answer, Exhibit H).

It is at this point in the procedural history that a dispute arises as to the date on which Petitioner took the next step in his state appeal. The date in question is the day Petitioner filed his request with the Arizona Court of Appeals for review of the trial court's denial of post-conviction relief. Resolution of this dispute affects the Habeas Petition because an untimely state appeal in this case renders the Habeas Petition untimely as well.

Arizona rules allowed Petitioner 30 days from the date he was denied post-conviction relief in which to request review of that decision by the Arizona Court of Appeals. Ariz. R.

1  Crim. P. 32.9(c). Petitioner argued in the state courts and continues to argue to this Court
2  that he timely filed his appeal of the trial court's decision to deny post-conviction relief.
3  (Doc 26, Answer, Exhibits L, N; Doc 47, Exhibit, p 3).  For his appeal to be timely,
4  Petitioner needed to file it by February 19, 2001.  Petitioner, in fact, signed an appeal on
5  January 31, 2001 and he sent a signed copy of this appeal to the Maricopa County Attorney's
6  Office, which stamped receipt of the appeal on February 12, 2001.  (Doc 26, Answer,
7  Exhibits I, J). Petitioner claims to have given a copy of this appeal to prison authorities on
8  January 31, 2001 to mail to the appellate court.  (Doc 47, Exhibit, p 3).  Apparently the Clerk
9  of the Arizona Court of Appeals never received nor docketed this appeal.  (Doc 26, Answer
10 , Exhibits I, J).  In fact, the Clerk of the Arizona Court of Appeals did not acknowledge
11 receipt of Petitioner's appeal until over a year later when in March 2002 Petitioner sent the
12 Court of Appeals a letter and a copy of the Petition for Review he had signed on January 31,
13 2001.  (Doc 26, Answer, Exhibit J).

14 The Arizona Court of Appeals treated the Petition for Review as filed on March 18,
15 2002 because that was the first time the Clerk of the Court knew of the appeal.  (Doc 26,
16 Answer, Exhibit K).  It is unclear from the record whether Petitioner actually sent the appeal
17 to the appellate court prior to the 30 day time limit expiring on February 19, 2001.  Petitioner
18 does not offer any evidence, other than his own recollection, to support his assertion that he
19 gave prison authorities the appeal to mail to the appellate court on January 31, 2001.  Noting
20 that Petitioner had only 30 days to file his Petition for Review, the Arizona Court of Appeals
21 denied Petitioner's request for review as untimely on March 28, 2002.  (Doc 26, Answer,
22 Exhibit K).

23 In its denial of Petitioner's appeal, the appellate court acknowledged the confusion
24 regarding the date Petitioner gave the appeal to prison authorities.  The Court said Petitioner
25 could file a motion with the trial court to determine if the Petitioner was without fault in the
26 untimeliness of his appeal.  (Doc 26, Answer, Exhibit K).  The Court of Appeals held that
27 the trial court may allow a late file "if it finds that petitioner was not responsible for the
28 untimely filing." (Doc 26, Answer, Exhibit K).  After a misguided Motion to Recall to the

1 Arizona Court of Appeals, which it denied, Petitioner filed a motion with the trial court
2 asking it to find that he was without fault in the untimely filing of his Rule 32 appeal. (Doc
3 26, Answer, Exhibit L, M, N). The trial court denied this Motion on June 15, 2006, holding
4 that Petitioner failed to show good cause as to why the appeal was untimely. (Doc 39,
5 Exhibit B). Petitioner did not appeal this ruling. (Doc 39 , Exhibit C).

6 Thus, the state courts have held that Petitioner untimely filed his denial of post-
7 conviction relief appeal. Because of the untimeliness of this state appeal, Petitioner's
8 collateral review at the state level ended on February 19, 2001, when his time to appeal his
9 denial of post-conviction relief to the Arizona Court of Appeals expired.

10 **Federal Appeal**

11 In the habeas case pending before this Court, Petitioner continues to argue that he
12 timely filed his request for the Arizona Court of Appeals to review the trial court's denial of
13 post-conviction relief. (Doc 47). Petitioner also maintains his Habeas Petition is timely, but
14 he fails to put forth any reasons to justify its potential untimeliness. (Doc 29). For their part,
15 Respondents reserved the right to assert the statute of limitations defense on the Habeas
16 Petition until the state courts resolved whether Petitioner was without fault in untimely filing
17 his Rule 32 appeal. (Doc 26). After the state trial court denied Petitioner's final motion
18 asking that he be held without fault in the late filing of his Rule 32 appeal, Respondents
19 asserted the statute of limitations defense. They argue the Habeas Petition is untimely. (Doc
20 42).

21 **Discussion**

22 **Habeas Petition Statute of Limitations**

23 The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a
24 one-year statute of limitations for state prisoners filing federal habeas petitions. 28
25 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the
26 date on which the judgment became final by the conclusion of direct review or the
27 expiration of the time for seeking such review; (2) the date on which the impediment to
28 filing an application created by State action in violation of the Constitution or laws of the

- 4 -

1 United States is removed, if the applicant was prevented from filing by such State action;
2 (3) the date on which the constitutional right asserted was initially recognized by the
3 Supreme Court, if the right has been newly recognized by the Supreme Court and made
4 retroactively applicable to cases on collateral review; or (4) the date on which the factual
5 predicate of the claim or claims presented could have been discovered through the
6 exercise of due diligence.  28 U.S.C. § 2244(d)(1).

7 Of these possible triggering dates for the AEDPA's statute of limitations, only the
8 first is relevant to the present action.  Petitioner does not allege that he was
9 unconstitutionally impeded from timely filing the present Habeas Petition,[1] nor does
10 Petitioner allege that his Habeas Petition is predicated on a newly-recognized
11 constitutional right or newly-discovered evidence that could not have been discovered
12 earlier through the exercise of due diligence.

13 In this case, the time to file a habeas petition under the one-year statute of
14 limitations imposed by the AEDPA began to run on March 2, 2000.  This was the day
15 after Petitioner's direct appeal process ended in the state courts. Absent any statutory or
16 equitable tolling periods, Petitioner's right to file a federal habeas petition expired on
17 March 2, 2001.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)
18 (calculating the one-year AEDPA statute of limitations using the "anniversary method" of
19 Rule 6(a) of the Federal Rules of Civil Procedure).   Petitioner did not file his Habeas
20 Petition until January 3, 2004, nearly three years after the one-year statute of limitations
21 expired.  (Doc 1).  The Habeas Petition is untimely unless statutory or equitable tolling
22 applies and results in a tolling of the limitations period for a sufficient length of time to
23 bring the Habeas Petition within the one year time limit.

24 **Statutory Tolling**

25 Under the AEDPA, the statute of limitations is tolled during the time that a

---

27 [1] In answer to an argument made by Respondents that Petitioner did not allege any impediments to
untimely filing, Petitioner stated "[t]he Petitioner declares that the record aptly demonstrates 'impediments.'"
28 (Doc 47, p 2).  This statement unsupported by any further argument or evidence is insufficient to allege
Petitioner's ability to timely file was impeded.

1 properly filed application for state post-conviction relief is pending. 28 U.S.C. §
2 2244(d)(2). Critical to this Court's analysis, the request for state post-conviction relief
3 *must be properly filed* in order to statutorily toll the limitations period. An application for
4 state post-conviction relief or other collateral review is "properly filed" for purposes of 28
5 U.S.C. § 2244(d)(2) when "its delivery and acceptance are in compliance with the
6 applicable laws and rules governing filings. These usually prescribe, for example, the
7 form of the document, *the time limits upon its delivery*, the court and office in which it
8 must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)
9 (*emphasis added*). A state post-conviction relief petition rejected by the state court as
10 untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *Pace v.*
11 *DiGuglielmo*, 544 U.S. 408, 417 (2005).

12 In this case, Petitioner timely filed and thus "properly filed" his original Petition
13 for Post-Conviction Relief with the trial court on February 11, 2000. (Doc 26, Answer,
14 Exhibit G). His post-conviction relief appeal tolled the AEDPA's statute of limitations
15 while that appeal process remained timely. When the AEDPA's statute of limitations
16 began to run at the conclusion of Petitioner's state direct review on March 2, 2000, it was
17 immediately tolled under 28 U.S.C. § 2244(d)(2) for the properly filed post-conviction
18 relief appeal.

19 The statute of limitations continued to be tolled while Petitioner's post-conviction
20 relief request was decided by the state trial court and while Petitioner had an opportunity
21 to appeal to the state appellate court. After the state trial court dismissed Petitioner's
22 Rule 32 appeal for lack of merit on January 18, 2001, Petitioner had 30 days in which to
23 file an appeal of the trial court's decision. Ariz. R. Crim. P. Rule 32.9(c). Thus,
24 Petitioner had until February 19, 2001 to file a request with the Arizona Court of Appeals
25 to review the denial of post-conviction relief. While there existed a dispute as to the
26 actual date Petitioner filed this appeal, the Arizona state courts have determined the filing
27 date of Petitioner's appeal was March 18, 2002. (Doc 26, Answer, Exhibit K; Doc 39,
28 Exhibit B). This filing date means Petitioner's denial of post-conviction relief appeal was

1  untimely by more than a year. Because Petitioner failed to timely file his denial of post-
2  conviction relief appeal, it was not *properly filed* within the meaning of 28 U.S.C. §
3  2244(d)(2) and therefore, did not continue to toll the AEDPA's statute of limitations.

4  Petitioner argues the statute of limitations remained tolled throughout his collateral
5  review appeal, including the time he appealed the denial of post-conviction relief. (Docs
6  29, 49). To support his position, Petitioner cites a Ninth Circuit case and one of the
7  Magistrate Judge's orders in this case. First, Petitioner cites *Welch v. Newland*, a case in
8  which the AEDPA's statute of limitations remained tolled during the petitioner's entire
9  collateral review appeal. 267 F.3d 1013 (9th Cir. 2001). *Welch*, however, is an
10 inappropriate analogy to Petitioner's case because in *Welch* the collateral petitions for
11 review were "properly filed" in that the petitioner satisfied all the mechanical filing
12 requirements and thus his appeal was "pending" under 28 U.S.C. § 2244(d)(2). In the
13 case before this Court, the request to review the denial of post-conviction relief was not
14 properly filed because Petitioner filed it late. Therefore, it was not "pending" within the
15 meaning of 28 U.S.C. § 2244(d)(2).

16 Second, Petitioner asserts the Magistrate Judge "made the initial finding that
17 Petitioner's alleged mailing of his January 31, 2001 Petition for Review, was timely
18 delivered" such that it was "properly filed." (Doc 49). This is a misstatement of the
19 Magistrate Judge's Order dated March 28, 2006, in which the Magistrate Judge said
20 Petitioner's denial of post-conviction relief appeal *would* be timely *if* the state trial court
21 found that Petitioner gave a signed copy of the appeal to prison authorities to mail to the
22 appellate court on January 31, 2001. (Doc 34). The state trial court has since ruled the
23 appeal was untimely and that Petitioner was at fault in the untimeliness. The denial of
24 post-conviction relief appeal was untimely, and therefore not properly filed and did not
25 continue to toll the AEDPA's statute of limitations.

26 The statute of limitations began to run again on February 20, 2001, the day after
27 Petitioner's right to request review of the trial court's denial of post-conviction relief
28 ended. Because the limitations period had been immediately tolled on the triggering date

1 for the properly filed post-conviction relief appeal, Petitioner had a full year from the date
2 that appeal ended in which to file his Habeas Petition. The last day for Petitioner to
3 timely file his Habeas Petition was February 20, 2002. Petitioner did not file his Habeas
4 Petition until January 3, 2004, nearly two years after the AEDPA's statute of limitations
5 expired. The Habeas Petition should be dismissed as untimely unless Petitioner can
6 demonstrate he is entitled to equitable tolling.

**Equitable Tolling**

The AEDPA's statute of limitations is subject to equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Equitable tolling is appropriate, however, "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of [prisoner's] untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). A prisoner must demonstrate that forces outside his own lack of diligence accounted for his failure to timely file his habeas petition. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

In this case, Petitioner did not diligently pursue his rights. The Habeas Petition is untimely because Petitioner untimely filed his request for the state appellate court to review the trial court's denial of post-conviction relief. Petitioner claims to have requested review within the time allowed under Arizona rules but the state courts have held that his request was untimely and that he was at fault in that untimely filing. Furthermore, Petitioner claims to have filed his denial of post-conviction relief appeal with the appellate court on January 31, 2001 but more than a year passed before Petitioner sent a letter to the Court of Appeals to determine the status of his appeal. For these reasons, Petitioner did not diligently pursue his rights.

Petitioner also fails to provide this Court with evidence of any extraordinary circumstances preventing him from timely filing his Habeas Petition. The burden of

- 8 -

1 proving extraordinary circumstances lies with Petitioner.  Rather than offer evidence of
2 extraordinary circumstances, Petitioner continues to concentrate his efforts toward
3 arguing the timeliness of both his denial of post-conviction relief appeal and his Habeas
4 Petition.  These arguments did not persuade the state courts and should not now persuade
5 this Court.

6 On this record, the Magistrate Judge cannot find that the Petitioner diligently
7 pursued his rights or that extraordinary circumstances beyond Petitioner's control made it
8 impossible for him to file a Habeas Petition on or before February 20, 2002.  Petitioner
9 has not carried his burden of showing that he is entitled to equitable tolling, and this
10 action should be dismissed as time barred.

11 **Recommendation**

12 Based on the foregoing, the Magistrate Judge recommends that the District Court,
13 after its independent review and analysis, enter an order DISMISSING the Petition for
14 Writ of Habeas Corpus.

15 Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections
16 within ten days of being served with a copy of the Report and Recommendation.  If
17 objections are not timely filed, they may be deemed waived.  The parties are advised that
18 any objections filed are to be identified with the following case number: **cv-04-017-EHC**.

19 The Clerk is directed to mail a copy of the Report and Recommendation to
20 Petitioner and counsel for Respondents.

21 DATED this 23rd day of October, 2007.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 9 -